Ramona Guerrero Guerra, demandante y apelada, *v.* Sucn. de José Ignacio Vilá y Rodríguez, compuesta de Narciso, Pablo, Vicenta, Dámaso, Juan, Martín, Ramona Vilá y Martínez; de Miguel, Dámaso, Fernando, José y Ana Vilá y Guerrero; de sus nietos Monserrate, Herminia, Car-

melo, Pura, Francisco y Reymundo Vilá y Polanco; y también contra Pedro Vicenty y Simidey, demandados y apelantes.

No. 3483.—*Visto:* Marzo 10, 1925. *Resuelto:* Julio 28, 1925.

1. Testamentos—Requisitos y Validez—Error, Influencia Indebida, y Fraude —Manifestaciones del Testador Respecto al Carácter de los Bienes.— El hecho de que un testador manifieste en su testamento que los bienes que tiene son de su propiedad privativa, aun cuando no lo sean, no es motivo para declarar inválido dicho testamento.

2. Testamentos—Requisitos y Validez—Error, Influencia Indebida, y Fraude —Omisión del Nombre de un Cónyuge.—La omisión del nombre de la esposa en un testamento hecho por el marido, no invalida dicho testamento.

3. Marido y Mujer—Bienes Privativos del Marido—Bienes Adquiridos por Permuta.—La readquisición de bienes por un cónyuge durante el matrimonio en permuta con otros bienes privativos de dicho cónyuge tienen el concepto de bienes privativos del mismo.

4. Marido y Mujer—Bienes de la Sociedad Conyugal—Bienes Adquiridos Durante el Matrimonio—Presunción de Ganancial Destruída.—El carácter ganancial aparente de una finca—adquirida durante el matrimonio—desaparece cuando se prueba que pertenece privativamente a un cónyuge por haberla adquirido en permuta con otros bienes suyos.

Sentencia de *Angel Acosta,* J. (Mayagüez), declarando con lugar la demanda con costas. *Revocada,* declarándose sin lugar la demanda.

*Alfredo Arnaldo,* abogado de los apelantes; *Pascasio Fajardo Martínez,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez dictó sentencia en este pleito declarando nulo el testamento otorgado por don José Ignacio Vila Rodríguez ante notario público el 21 de marzo de 1923 y anulando y dejando sin efecto legal todo lo actuado en el expediente sobre testamentaría de dicho señor, con imposición de las costas a los demandados.

Contra esa sentencia interpusieron los demandados el presente recurso de apelación en el que alegan varios motivos para que la revoquemos, siendo uno de ellos que la corte inferior cometió error al desestimar la excepción previa que adujeron contra la demanda por no aducir hechos determinantes de causa de acción, motivo que pasamos a considerar.

La demandante es la viuda de don José Ignacio Vila Rodríguez y estableció el pleito contra sus hijos habidos en su matrimonio con don José Ignacio Vila Rodríguez y contra los hijos del anterior matrimonio de su esposo alegando como primera causa de acción que estando casada con Vila compraron una finca de 96 cuerdas 54 céntimos cuya descripción hace, con dinero de la sociedad conyugal, y también algunos muebles y semovientes, y que su esposo falsa y maliciosamente, con el fin de perjudicarla, consignó en su testamento otorgado poco tiempo antes de morir que las propiedades dichas eran de su exclusiva pertenencia y dispuso de ellas en favor de sus herederos, que son los hijos de sus dos matrimonios, en perjuicio de los derechos de la demandante como condueña, y que no reconoció en su testamento el derecho usufructuario que como heredera concede la ley al cónyuge supérstite. En una segunda causa de acción alegó además que el albacea nombrado en el testamento comenzó un procedimiento de testamentaría en el que solicitó y obtuvo de la corte que le expidieran cartas testamentarias y que priva a la demandante del derecho que como condueña tiene en los mencionados bienes. Y como tercera causa de acción alegó además de los anteriores hechos que el albacea y los herederos están recolectando los frutos de la finca.

Por esas alegaciones pidió a la corte que declarase nulo el expresado testamento así como lo actuado en el expediente de testamentaría y que nombrase un síndico que se incautase de los bienes mientras se tramitaba el pleito. Tales son en resumen las alegaciones de la demanda.

Aunque son tres las causas de acción alegadas por la demandante, en realidad son dos solamente porque la tercera se refiere a una medida provisional que se solicitó para tener efecto mientras el pleito se tramitaba, habiendo sido nombrado un síndico, por lo que consideraremos la excepción en cuanto a las dos primeras causas de acción, o sea, si por haber manifestado don José Ignacio Vila Rodríguez en su testamento que la finca de 96 cuerdas 54 céntimos es priva-

tiva suya, cuando según la demandante es ganancial, y por no haber nombrado a su viuda como heredera en la cuota usufructuaria que le confiere la ley, dicho testamento es inválido y nulas las diligencias judiciales promovidas por el albacea nombrado en dicho testamento, que la demandante dice ser nulo.

[1] El testamento es. el acto por el que una persona dispone de todo o parte de sus bienes para después de su muerte, según dice el artículo 675 del Código Civil, por lo que lo esencial en todo testamento es que contenga una disposición de los bienes para después de la muerte y si la contiene, como sucede en este caso, no puede dejar de ser testamento ni es inválido, porque contenga manifestaciones respecto al carácter de los bienes, por lo que el hecho de haber manifestado el testador que los bienes que tiene son de su propiedad privada, aunque no sea cierto, no quita el testamento su carácter de tal porque esa manifestación no es esencial en el testamento y por consiguiente aun siendo cierto que dicha finca pertenece a la sociedad de gananciales esto no es motivo para declarar inválido el testamento y por tanto la demandante no tiene causa de acción por ese hecho.

[2] Tampoco tiene causa de acción porque el testador omitiere el nombre de la esposa en su testamento siendo heredera en la cuota usufructuaria que le confiere la ley porque el Código Civil declara en su artículo 802, párrafo segundo, que la preterición del viudo o viuda en un testamento no anula la institución de herederos pero el preterido conservará los derechos que le concede el código.

Si, pues, el testamento no es inválido por ninguno de los motivos aducidos, tampoco existe la segunda causa de acción por haber actuado el albacea en virtud de un nombramiento hecho en testamento que la demandante dijo ser nulo pero que es válido.

[3, 4] Aquí podríamos terminar esta opinión y declarar sin lugar la demanda y también el nombramiento de síndico

hecho en el pleito como consecuencia de la demanda, pero como por la resolución errónea de la corte inferior las partes fueron a juicio y presentaron la prueba y como por haber estimado la corte inferior que la finca en cuestión es bien ganancial pudiera la viuda suscitar otro pleito sobre ese extremo, creemos conveniente considerar también esa cuestión que se trata en los otros motivos del recurso.

Resulta de la prueba que don José Ignacio Vila aportó a su segundo matrimonio 11 pedazos de tierra que le fueron adjudicados en la testamentaría de su primera esposa por lo que son privativos suyos, y que siendo viudo compró dos fincas, una de 83 cuerdas 54 céntimos y otra de 13 cuerdas: que después de su segundo matrimonio otorgó escritura pública el 25 de marzo de 1912 en la que intervino su segunda esposa y en la que haciendo constar las fechas y las escrituras públicas de adquisición de estas dos fincas y que entonces era viudo, las agrupó formando una sola finca de 96 cuerdas 54 céntimos, que es la misma que motiva este pleito, y por el mismo documento la vendió a Juan Vicenty Ramos con el consentimiento innecesario de la esposa por ser las dos fincas agrupadas bienes privativos del marido por haberlas comprado antes de su segundo matrimonio. Un año después, el 12 de abril de 1913, compró Vila la misma finca a Ramos y el mismo día y ante el mismo notario, don José Ignacio Vila vendió a Pablo Deogracias Vila Martínez los otros pedazos de tierra que le fueron adjudicados en la testamentaría de su primera consorte. Y resulta también que Juan Vicenty Ramos, único testigo presentado en el juicio, declaró que era compadre de José Ignacio Vila y le llevaba todos sus negocios: que el 25 de marzo de 1912 José Ignacio Vila convino con su hijo Pablo Vila Martínez en venderle la finca de 96 cuerdas 54 céntimos cuya escritura se puso a nombre del declarante porque así lo quiso Pablo Vila porque Ramos había entregado $1,000 y para que después le pasara el título: que al otorgarse esa escritura don José Ignacio Vila dijo que no la entregaría hasta que recogiera

la cosecha y que nunca la entregó porque siendo un hombre de dinero y viejo no quería meterse en la otra finca y entonces el testigo convenció a Pablo Vila Martínez de que cogiera la otra finca porque era más barata y porque su anciano padre se quedaría en la finca de 96 cuerdas 54 céntimos que estaba más cerca del camino, y habiendo aceptado Pablo Vila esa proposición se otorgaron el 12 de abril de 1913 dos escrituras, una por la cual el testigo devolvió por medio de venta la finca que aparecía comprando el año anterior y otra por la que Pablo Vila compró a José Ignacio Vila la otra finca.

La prueba documental y la testifical nos convence de que José Ignacio Vila vendió la finca de 96 cuerdas 54 céntimos a su hijo Pablo Vila Martínez aunque el título fué puesto a nombre de Juan Vicente Ramos y que la adquisición que de ella hizo Vila después, siendo casado, fué en permuta con otros bienes propios suyos que le correspondieron en la testamentaría de su primera esposa, por lo que esa adquisición hecha durante el matrimonio, aunque aparece ser compra fué en realidad una readquisición en permuta con otros bienes suyos por lo que tiene el concepto de bien privativo según el art. 1314, párrafo 3º, del Código Civil por haber sido adquirida en permuta con otros bienes propios del marido, pues si bien por aparecer del título que fué comprada durante el matrimonio ha de reputarse como bien ganancial mientras no se pruebe que pertenece privativamente a uno de los cónyuges, como dice el art. 1322 del Código Civil, sin embargo, el carácter de ganancial aparente de esa finca desaparece por haberse probado que pertenece privativamente al marido por haberla adquirido en permuta con otros bienes suyos.

*Por lo expuesto la sentencia apelada debe ser revocada y dictarse otra declarando sin lugar la demanda dejando sin efecto la orden de 23 de enero de 1924 nombrando un síndico.*